UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:11-cr-00025-TWP-TAB-6 |
| ) | |
| ABEL CANO-CASTILLO also known as TIO, ) | |
| ) | |
| Defendant. ) | |

**Entry Directing Treatment of Document and Further Proceedings**

**I.**

This matter is before the Court on Defendant's Motion for Completion of Sentence (Dkt. 709) and Supplement Motion for Completion of Sentence under Home Detention for an Early Deportation (Dkt. 713). The Defendant is proceeding pro se and asks the Court to liberally construe his pleadings and not hold him to "technical court rules and procedures." However, the generous treatment accorded pro se litigants does not exempt them from both the substantive and procedural rules of law and does not authorize a separate set of rules for them. See *Averhart v. Arrendondo,* 773 F.2d 919 (7th Cir.1985).

"A post-judgment motion [in a criminal action in federal court] needs a source of authority for the judge to act . . . ." *United States v. Scott,* 414 F.3d 815, 816 (7th Cir. 2005). This is because "[a] district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza,* 118 F.3d 707, 709 (10th Cir. 1997); *see also United States v. Krilich,* 257 F.3d 689, 693 (7th Cir. 2001).

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). This statute allows a court to grant relief from a federal conviction or sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

## II.

Liberally construed, the Defendant's "motion for completion of sentence" and "supplement motion for completion of sentence under home detention for an early deportation" both seek modification of his sentence. Specifically, the Defendant claims that he was provided ineffective assistance of counsel in negotiating his plea agreement and that he has been denied equal protection as guaranteed by the Constitution.

Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255(a), is a motion under § 2255, no matter what title the petitioner plasters on the cover. *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004) (internal citations omitted).

## III.

### A.

Because the first step in the circumstances described above is a procedural one, the **clerk shall docket**, as a new filing on this date, the Supplement Motion for Completion of Sentence under Home Detention for an Early Deportation (Dkt. 713) **as a motion to vacate pursuant to 28 U.S.C. § 2255.** The nature of suit code for the new action is 510 and the cause of action is 28 U.S.C. § 2255. When composing the caption, the Defendant shall be the movant and the United States of America shall be the defendant.

**B.**

Insofar as entered on the docket in this action, the pending motions (Dkt. 709 and 713) must be **DENIED**, although the supplemented motion (Dkt. 713) shall be re-docketed in the new action upon being processed as directed in Part III.A. of this Entry.

**IT IS SO ORDERED.**

Date: 11/12/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**

Distribution:

Abel Cano Castillo
Reg. No. 09950-028
N.E.O.C.C.
2240 Hubbard Road
Youngstown, OH  44505