UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ABEL CANO-CASTILLO, )
                Petitioner, )
)
vs. ) Case No. 1:13-cv-1811-TWP-DKL
)         1:11-cr-00025-TWP-TAB-6
UNITED STATES OF AMERICA. )

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

This matter is before the Court on the motion of Petitioner Abel Cano-Castillo ("Mr. Cano-Castillo") for relief pursuant to 28 U.S.C. § 2255. For the reasons explained in this Entry, the motion must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

*Background*

On May 5, 2011, Mr. Cano-Castillo was charged in a multi-defendant Second Superseding Indictment in 1:11-cr-0025-TWP-TAB-6, with three counts. In Count 1 he was charged with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1) and 846; in count 4, he was charged with distribution of 5 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and, in Count 8, Mr. Cano-Castillo was with distribution of 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1).

On November 21, 2011, Mr. Cano-Castillo filed a petition to enter a plea of guilty. The parties submitted a written plea agreement, pursuant to Rule 11(c)(1)(A) and (B) of the *Federal*

*Rules of Criminal Procedure,* on that same date. In the plea agreement, Mr. Cano-Castillo agreed to plead guilty to count 1 of the Second Superseding Indictment and the United States agreed to dismiss counts 4 and 8.

On February 1, 2013, a change of plea and sentencing hearing was conducted. At that hearing, the Court determined that Mr. Cano-Castillo was fully competent and capable of entering an informed plea, that the plea was knowing and voluntary, and it was supported by an independent basis in fact. The Court accepted Mr. Cano-Castillo's plea of guilty and adjudged him guilty as charged. The Court then sentenced Mr. Cano-Castillo to a term of imprisonment of 87 months to be followed by two years of supervised release. Judgment of conviction was entered on February 15, 2013. Mr. Cano-Castillo did not file a notice of appeal. However, on October 30, 2013, he filed a supplemental motion for completion of sentence under home detention for an early deportation, which the Court treated as a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.

*Terms of Plea Agreement*

The plea agreement was submitted pursuant to Fed. R. Crim. P. 11(c)(1)(A), (B). In the plea agreement, Mr. Cano-Castillo agreed to plead guilty to count one of the Second Superseding Indictment and acknowledged that the penalties were "a prison term of not less than 10 years up to life imprisonment, a period of supervised release of not less than five years, and a fine of up to $10,000,000." Plea Agreement, ¶1. Mr. Cano-Castillo acknowledged that "the final determination of the sentence, including the advisory sentencing guideline range, will be made by the Court." Plea Agreement ¶ 2. Mr. Cano-Castillo agreed that "if the Court decides to impose a sentence higher or lower than any recommendation of either party, determines a different sentencing guideline range applies in this case, or sentences him outside of the otherwise applicable advisory sentencing guideline range, then he will not be permitted to withdraw his plea of guilty for that

reason and will be bound by his plea of guilty." Plea Agreement ¶ 3. The United States agreed to move to dismiss the remaining two counts of the Second Superseding Indictment as to Mr. Cano-Castillo upon sentencing. Plea Agreement ¶ 1.

In exchange for the concessions made by the United States, Mr. Cano-Castillo "expressly waive[d] his right to appeal the conviction and any sentence imposed on any ground, . . . [and] expressly agree[d] not to contest his conviction or sentence or seek to modify his sentence or the manner in which it was determined in any proceeding, including, but not limited to, an action brought under Title 28, United States Code, Section 2255." Plea Agreement, ¶ 10.

*Discussion*

Mr. Cano-Castillo seeks to modify his sentence. He argues that he should be entitled to receive six (6) months' credit toward his sentence because, as a deportable alien, he is not permitted to serve 10% of his sentence in a half-way house. He contends that a defendant's status as an alien may serve as a basis for a downward departure under the sentencing guidelines and argues that because he is a non-citizen, he is being subjected to a much harsher sentence than that imposed on United States citizens who commit the same offense. He asserts that his attorney was ineffective during the plea process because counsel did not inform him that he would be serving a harsher sentence and would not be eligible for these benefits that a citizen prisoner enjoys. For relief, he seeks immediate deportation so that he could finish his sentence under home detention through early deportation.

The United States construes Mr. Cano-Castillo's claim as alleging that he was not advised that as an illegal alien, conviction meant near-certain deportation at the conclusion of his sentence. The Court does not, however, find any language in Mr. Cano-Castillo's filing that challenges the fact that his conviction would lead to being deported. The Court does agree that *if* this were Mr.

Cano-Castillo's claim, even if generously construed as a claim relating to the negotiation of the plea agreement, the record reflects that he was amply warned of this consequence and any ineffective assistance of counsel claim would fail on that basis. At the change of plea and sentencing hearing, the Court asked Mr. Cano-Castillo, "do you understand that this conviction will likely affect your immigration status, and if you are an illegal alien, you will likely be deported?" (Filing No. 718, Transcript, p. 7). Mr. Cano-Castillo responded, "Yes." *Id.* Mr. Cano-Castillo's trial counsel also testified in a sworn affidavit that he recalls advising Mr. Cano-Castillo, who was in the United States on an illegal basis, on at least three different occasions that a felony conviction would most likely result in deportation upon the completion of his sentence. (Filing No. 8).

Although Mr. Cano-Castillo has not replied to the United States' response nor has he otherwise clarified his claim the Court, nonetheless, reads his petition as focusing on the six month pre-release community placement opportunity, or lack thereof.[1] 18 U.S.C. § 3624 (c)(1) (the "Second Chance Act") provides that:

> The Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

The Second Chance Act does not *entitle* any offender, citizen or non-citizen, to pre-release community confinement. *Id.* ("to the extent practicable"). Rather, inmates may be eligible for such placement after various factors are considered. Courts have concluded that the Bureau of Prisons

---

[1] To the extent Mr. Cano-Castillo alleges an equal protection claim, it could be viewed as one better brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241, but he has not challenged the Court's determination that his petition was a motion to vacate under section 2255, and his ineffective assistance challenge to the plea process in an effort to modify his sentence has been properly treated as a section 2255 claim.

may exclude deportable aliens from consideration under the Second Chance Act. *See Gallegos-Hernandez v. United States,* 688 F.3d 190, 195-96 (5th Cir. 2012) (the BOP has discretion in deciding whether to allow early release and alien petitioner's equal protection rights were not violated by BOP excluding him from early-release programs).

Additionally, the United States responds that Mr. Cano-Castillo's claim is barred by the waiver of post-conviction relief rights in the plea agreement. A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). "It is well-settled that waivers of direct and collateral review in plea agreements are generally enforceable." *Hurlow v. United States,* 726 F.3d 958, 964 (7th Cir. 2013); *see also Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) ("A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement."); *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011) ("We have repeatedly held that a voluntary and knowing waiver of an appeal is valid and must be enforced.") (internal quotation omitted). Waiver provisions in plea agreements are upheld and enforced with limited exceptions, including clams that 1) the plea agreement was involuntary, 2) the district court relied on a constitutionally impermissible factor such as race, 3) the sentence exceeded the statutory maximum, or 4) counsel was ineffective in relation to the negotiation of the plea agreement. *Keller*, 657 F.3d at 681.

Mr. Cano-Castillo asserts a claim that his attorney was ineffective. To overcome a waiver provision in a plea agreement based on ineffective assistance of counsel, a petitioner "cannot just assert that a constitutional violation preceded his decision to plead guilty or that his trial counsel was ineffective for failing to raise the constitutional claim." *Hurlow,* 726 F.3d at 966. "Rather, he

must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards." *Id.* at 966-67.

The right to effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For Mr. Cano-Castillo to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687.

Mr. Cano-Castillo alleges that counsel was ineffective by not advising him of the effect his alien status would have on his sentence and that he would suffer "collateral consequences." Even if this claim could be construed as one challenging the negotiation of the plea agreement, collateral consequences of deportable alien status including not being eligible for minimum security confinement, drug programs, and pre-release custody are not a basis for granting a downward departure at sentencing. *United States v. Meza-Urtado,* 351 F.3d 301, 305 (7th Cir. 2003) ("These downward departures are not permissible because denying certain end-of-sentence modifications (several months in a halfway house, for example) to illegal or deportable aliens cannot be viewed as a term of imprisonment 'substantially more onerous' than the guidelines contemplate in fixing a punishment for a crime."); *see also United States v. Babul,* 476 F.3d 498, 501-02 (7th Cir. 2007) (a sentence within the Guideline range is reasonable and avoids unwarranted disparities between aliens and citizens in conformity with the objective of 18 U.S.C. § 3553(6)). The guideline ranges "are themselves designed to treat similar offenders similarly." *United States v. White,* 737 F.3d 1121, 1145 (7th Cir. 2013). Because Mr. Cano-Castillo would not have been entitled to a downward departure based solely on his alien status, he cannot show that his attorney provided

ineffective assistance. Mr. Cano-Castillo does not contend that he would not have pled guilty if he had known about the inability to qualify for pre-release community placement. Therefore, he has not shown any prejudice.

Additionally, Mr. Cano-Castillo alleges that counsel was ineffective for failing to inform him that he would not be entitled to early release, and that this circumstance rendered his plea not voluntary, however, he has not shown any objectively deficient performance by counsel or prejudice. And, even if his claim were not barred by the waiver provision, it is meritless. *See Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to counsel's performance at sentencing had nothing to do with the issue of deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief).

Accordingly, as to any claim outside the scope of the negotiation of the plea agreement, the waiver provision is valid and will be enforced. To the extent Mr. Cano-Castillo's claim was not barred by the waiver, he has shown no ineffective assistance of counsel.

*Denial of Hearing*

An evidentiary hearing is "not required when the files and records of the case conclusively show that the prisoner is entitled to no relief." *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (internal quotation omitted); *see also* 28 U.S.C. § 2255(b). That is the case here. Although Mr. Cano-Castillo did not request a hearing, if he had, the Court finds that a hearing is not warranted under these circumstances.

*Conclusion*

The foregoing circumstances show that Mr. Cano-Castillo is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 (Filing No. 1) in No. 1:13-cv-0811-TWP-DDKL is therefore **DENIED**. The Motion to Vacate (Filing No. 715) in 1:11-cr-00025-

TWP-TAB-6 is also **DENIED.** This Entry and the accompanying Judgment shall also be entered on the docket in both actions.

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Cano-Castillo has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/22/2014

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Abel Cano-Castillo, 09950-028, NEOCC, 2240 Hubbard Road, Youngstown, OH 44505

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**